UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CAPRICE STEPHENSON,

                    Plaintiff,                  **REPORT AND RECOMMENDATION**
                                                  **21 CV 5761 (DG)(LB)**

      -against-

BENSON CONSULTING & BENSON
MEDICAL, MAIMONIDES MEDICAL
CENTER
                    Defendants.
-----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Plaintiff Caprice Stephenson brings this *pro se* action alleging defendants violated a temporary restraining order ("TRO") granted in the Northern District of New York and her First Amendment right to the free exercise of religion. Defendants now move to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF Nos. 25, 26. The Honorable Diane Gujarati referred defendants' motions to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that defendants' motions should be granted, and plaintiff's complaint should be dismissed.

## BACKGROUND

       The following facts are drawn from allegations in plaintiff's complaint. ECF No. 1. Prior to September 26, 2021, plaintiff was employed as a nurse practitioner at Benson Consulting & Benson Medical ("Benson") in Brooklyn, New York. Id. at 3. By email on August 19, 2021, Benson informed its staff that, "due to the [COVID-19] numbers rising," it would be mandatory for all employees to be fully vaccinated, and that unvaccinated employees would be terminated starting August 30th, 2021. ECF No. 1-2 at 2. On the same day, plaintiff replied to the email stating

1

that she was seeking a religious exemption from the requirement to be vaccinated. Id. at 3. Dr. Orrin Lippoff informed plaintiff that she would be exempt as long as she continued to wear a mask and test weekly. Id. at 4.

On August 26, 2021, the New York State Department of Health ("DOH") issued a regulation mandating that health care workers receive the [COVID-19] vaccination. [1] ECF No. 1-1 at 1. The regulation does not include any religious exemption and requires that all personnel at general hospitals receive the first dose of the vaccine by September 27, 2021. Id. at 2. On September 13, 2021, seventeen medical professionals filed an action under 42 U.S.C. § 1983 ("§ 1983") against New York state defendants in the Northern District of New York ("Northern District"), alleging that the regulation mandating vaccination violates the First and Fourteenth Amendments. Plaintiffs in that action also moved for a TRO to prevent the state defendants from enforcing the mandate to the extent that it requires healthcare employers to deny religious exemptions.[2] Id. The Court granted the plaintiffs' TRO on September 14, 2021, and later extended the TRO through October 12, 2021. Id. at 2, 4.

On September 14, 2022, Benson informed employees that "due to the expanding crisis of [COVID-19] infections," Benson had decided to "follow the NYS guidelines" for all health care workers to receive the first dose of the vaccination by September 27, 2021. ECF No. 1-2 at 5. Moreover, Benson reported that two unvaccinated employees had tested positive for the virus during their weekly testing, and therefore the risk to patients and staff posed by such an infected employee was unacceptable. Id. Benson informed employees that there would be no religious exemption from the vaccination requirement and terminations for unvaccinated employees would

---

[1] Prevention of COVID-19 transmission by covered entities, 10 NYCRR §2.61.
[2] Dr. A. v. Hochul, No. 21-cv-01009, ECF No. 1 (N.D.N.Y. Sept. 13, 2021)

be effective September 27, 2022. Id.  On September 26, 2021, plaintiff emailed Benson staff, stating that she would not be vaccinated due to her religious beliefs. Id. at 6. Benson terminated plaintiff the same day. Id.

The Court takes judicial notice that on October 12, 2021, the Northern District converted the TRO into a preliminary injunction, and the state appealed.[3] On October 29, 2021, the Second Circuit Court of Appeals vacated the Northern District's injunction.[4]

## PROCEDURAL HISTORY

Plaintiff commenced this *pro se* action in the Southern District of New York on September 27, 2021. ECF No. 1. The case was transferred to the Eastern District on October 15, 2021. ECF No. 9. Defendants moved to dismiss, ECF Nos. 25, 26; plaintiff opposed defendants' motions, ECF No. 33; and defendants have replied, ECF Nos. 34, 35. The motions have been referred to me for Report and Recommendation.

## DISCUSSION

Plaintiff's complaint asserts two claims against defendants. First, plaintiff alleges that defendants violated the Northern District's TRO by requiring its employees to be vaccinated. Second, plaintiff brings a claim under § 1983 against defendants, alleging that they violated her

---

[3] A. v. Hochul, 567 F. Supp. 3d 362 (N.D.N.Y. 2021), vacated and remanded sub nom. We the Patriots USA, Inc. v. Hochul, No. 21-2179, 2021 WL 5103443 (2d Cir. Oct. 29, 2021).

[4] We the Patriots USA, Inc. v. Hochul, No. 21-2179, 2021 WL 5103443, at *1 (2d Cir. Oct. 29, 2021); We The Patriots USA, Inc. v. Hochul, 17 F.4th 266, 296 (2d Cir.), opinion clarified, 17 F.4th 368 (2d Cir. 2021), and cert. denied sub nom. Dr. A. v. Hochul, 142 S. Ct. 2569 (2022) ("the order of the United States District Court for the Northern District of New York is REVERSED, and the preliminary injunction entered by that court is VACATED. These tandem cases are REMANDED to their respective district courts for further proceedings consistent with the Order entered on October 29, 2021, and this Opinion.").

First Amendment right to the free exercise of religion. For the reasons discussed below, defendants' motions should be granted and plaintiff's complaint should be dismissed.

## I. Standard of Review

A complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), plaintiff must do more than allege facts that are "merely consistent with a defendant's liability," or "speculative," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); she must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556)).  If a plaintiff does not "nudge[] [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570. When a plaintiff proceeds *pro se*, the Court has an obligation to "liberally construe" the complaint. Erickson v. Pardus, 55 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

A court reviewing a motion to dismiss must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  See Twombly, 550 U.S. at 555–56; In re NYSE Specialists Sec. Litig., 503 F.3d 89, 91 (2d Cir. 2007); Chambers v. Time Warner Inc., 282 F.3d 147, 152 (2d. Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Iqbal, 556 U.S. at 678. When considering a motion to dismiss under Rule 12(b)(6), the Court is confined to material contained in the complaint, attached to it, or incorporated by reference. See Sierra Club v. Con-Strux, LLC, 911 F.3d 85, 88 (2d Cir. 2018) (quoting L-7 Designs, Inc. v. Old Navy, LLC, 647

4

F.3d 419, 422 (2d Cir. 2011)). However, a court may take judicial notice of documents filed in other courts. See Rates Tech. Inc. v. Speakeasy, Inc., 685 F.3d 163, 166 n.3 (2d Cir. 2012) (quoting Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir.2006) ("a court may take judicial notice of documents filed in other courts… to establish the fact of such litigation and related filings")).

## II.    Maimonides Medical Center

As a preliminary matter, the claims against Maimonides Medical Center ("Maimonides") should be dismissed. Plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556)). However, plaintiff fails to plead any facts alleging conduct specific to Maimonides. Plaintiff herself admits that she "is not alleging any claims against the defendant Maimonides," except to the extent Benson is "affiliated with the defendant" and is following Maimonides guidelines.[5] ECF No. 33 at 1.

To withstand the motion to dismiss, plaintiff must allege defendant's "personal involvement in the deprivation of [her] rights." Darby v. Greenman, 14 F.4th 124, 130 (2d Cir. 2021); see Shomo v. City of New York, 579 F.3d 176, 184 (2d Cir. 2009) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983"); Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987) ("Having failed to allege, as they must, that these defendants were directly and personally responsible for the purported unlawful conduct, their complaint is 'fatally defective' on its face"). As plaintiff fails to allege

---

[5] Plaintiff agrees that Maimonides should be dismissed unless Benson "shows cause[ ] why Maimonides[ ] should not be released and dismissed." ECF No. 33 at 1-2.

Maimonides' personal involvement in any of her claims, defendant's motion should be granted and plaintiff's complaint against Maimonides should be dismissed.

### III.    The Temporary Restraining Order

Plaintiff alleges defendants violated the TRO issued by the Honorable David N. Hurd in Dr. A. v. Hochul, No. 21-cv-01009, ECF Nos. 7, 15 (N.D.N.Y. Sept. 13, 2021), when Benson terminated her for failing to receive the first dose of the vaccine by September 27, 2021. ECF No. 1 at 4. She asserts that the TRO prevented Benson from mandating her vaccination without considering her religious exemption. ECF No. 1 at 1. Plaintiff is mistaken about the effect of the TRO issued by Judge Hurd.

Benson was not bound by the issuance of the Northern District's TRO. Rule 65 of the Federal Rules of Civil Proceedure, which governs Injunctions and Restraining Orders, provides that such an order "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with [the parties]." Fed. R. Civ. P. 65(d)(2). Benson was not a party to the Northern District case in which the TRO was issued. Although, "a nonparty that acts 'in active concert or participation' with a party subject to an injunction is prohibited from 'assisting in a violation of the injunction,'" Uniformed Fire Officers Ass'n v. de Blasio, 973 F.3d 41, 48 (2d Cir. 2020) (quoting NML Capital, Ltd. v. Republic of Argentina, 727 F.3d 230, 243 (2d Cir. 2013), the Court does not have the power to enjoin "those who are acting independently of the enjoined party and whose own rights have not been adjudged." Eli Lilly & Co. v. Gottstein, 617 F.3d 186, 195 (2d Cir. 2010) (citing Regal Knitwear Co. v. NLRB, 324 U.S. 9, 13–14 (1945)).

6

Benson, a private corporation, was not an enjoined party and was not in active participation with the State. The language of Rule 65, derived from the common law, means "that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." Regal Knitwear Co., 324 U.S. at 13–14. Plaintiff does not plead facts to show that Benson has aided and abetted the State in carrying out the prohibited act. Benson stated its employment decisions were motivated by "the expanding crisis of [COVID-19] infections" and the "risk to patients and staff" of infected, unvaccinated employees with no symptoms. ECF No. 1-2 at 5. The Northern District of New York TRO specifically prohibited DOH "from enforcing any requirement that employers deny religious exemptions." Dr. A., No. 21-cv-01009, ECF Nos. 7. The TRO did not enjoin private employers from denying such exemptions themselves. Judge Hurd further clarified that the decision to grant the TRO and subsequent preliminary injunction had "nothing to do with how an individual employer should handle an individual employee's religious objection to a workplace vaccination requirement. But [had] everything to do with the proper division of federal and state power." A. v. Hochul, 567 F. Supp. 3d 362, 377 (N.D.N.Y. 2021), vacated and remanded sub nom. We the Patriots USA, Inc. v. Hochul, No. 21-2179, 2021 WL 5103443 (2d Cir. Oct. 29, 2021). Benson's private employment decisions do not implicate these state power issues, and Benson was not bound by the Northern District's TRO.

For all these reasons, defendant's motion to dismiss should be granted as plaintiff fails to state a claim that Benson violated the TRO in A. v. Hochul, 567 F. Supp. 3d 362, 377 (N.D.N.Y. 2021).

## IV.    Section 1983

Plaintiff also brings a claim under § 1983, alleging Benson violated her First Amendment right to the free exercise of religion. ECF No. 1 at 4. Section 1983 provides that "[e]very person who, under color of any [state] statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. The statute permits suit against a *state actor* for the deprivation of Constitutional rights. Benson is a private company and therefore not subject to § 1983. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." Meadows v. United Servs., Inc., 963 F.3d 240, 243 (2d Cir. 2020) (quoting Fabrikant v. French, 691 F.3d 193, 206 (2d Cir. 2012)) (internal quotation marks omitted).

The conduct of a private entity constitutes state action under § 1983 only when "(1) the State compelled the conduct [the 'compulsion test'], (2) there is a sufficiently close nexus between the State and the private conduct [the 'close nexus test' or 'joint action test'], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State [the 'public function test']." McGugan v. Aldana-Bernier, 752 F.3d 224, 229 (2d Cir. 2014) (quoting Hogan v. A.O. Fox Memorial Hosp., 346 Fed. Appx. 627, 629 (2d Cir. 2009)).  "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." Fabrikant, 691 F.3d at 207. The analysis rests on the "specific conduct of which the plaintiff complains, rather than the general characteristics of the entity." Id.

Plaintiff claims that defendant violated her First Amendment free exercise right when it fired her for failing to get vaccinated in accordance with its COVID-19 policy. ECF No. 1 at 3; ECF No. 1-2 at 6. A private entity's decision to terminate its employees is not, without more, state action. See Faddis-DeCerbo v. Astor Servs. for Child. & Fams., 500 F. App'x 46, 47 (2d Cir. 2012) (summary order) (reviewing decisions finding employee termination was not state action) ("that [the company] is subject to state regulation, performs some of the same services as the government, and receives public funding does not render it a state actor when it makes employment decisions"). To successfully bring a § 1983 claim against Benson, plaintiff must plead facts that show the state excercised "coercive power" over the decision, or was "entwined in the management or control" which caused her termination. Combier v. Portelos, 788 F. App'x 774, 778 (2d Cir. 2019) (summary order) (quoting Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312–13 (2d Cir. 2003)).

Although the DOH regulation required hospital employees to be vaccinated, plaintiff does not plead facts sufficient to show that the DOH regulation coerced defendant's decision herein to terminate its unvaccinated employees. The complaint includes Benson's language regarding the termination policy. ECF No. 1-2 at 5. Benson does not identify the DOH regulation, rather it states it will "adapt and follow the NYS guidelines," and explains that its prior policy, which allowed for exemptions, failed to eliminate the risk to "the safety of patients and staff." Id. Plaintiff's complaint does not allege the level of coercion required to show that Benson's termination policy was "fairly attributable" to the state. See Fabrikant, 691 F.3d at 207. As Benson is a private entity, and plaintiff fails to plead facts sufficient to show state action, defendant's motion to dismiss plaintiff's § 1983 claim should be granted.[6]

---

[6] In addition to § 1983, plaintiff references Title VII and § 1985(3) as the bases for her First Amendment claim. Although plaintiff does not specifically plead claims against defendants under Title VII or § 1985, in an effort to liberally construe plaintiff's complaint, the Court addresses these references briefly. See Erickson, 55 U.S. at 94.

## CONCLUSION

Accordingly, it is respectfully recommended that defendants' motions to dismiss plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) should be granted.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____

LOIS BLOOM
United States Magistrate Judge

Dated: August 11, 2022
         Brooklyn, New York

---

Plaintiff asserts that the "Vaccine Mandate purports to override federal protections under Title VII." ECF No. 1 at 2. However, plaintiff does not plead that the instant defendants have violated Title VII. If plaintiff intended to claim that Benson's vaccination policy violated her rights under Title VII based on her religion, the claim must be dismissed as plaintiff failed to exhaust her administrative remedies. 42 U.S.C. §2000e-5(e)-(f); see Shah v. New York State Dep't of Civ. Serv., 168 F.3d 610, 613 (2d Cir. 1999) ("a Title VII claimant may bring suit in federal court only if he has filed a timely complaint with the EEOC and obtained a right-to-sue letter"). Likewise, plaintiff fails to plead any facts to support the elements of a § 1985 claim. See Bailey v. New York L. Sch., No. 19-3473, 2021 WL 5500078, at *4 (2d Cir. Nov. 24, 2021), cert. denied, 142 S. Ct. 1685 (2022) (quotation omitted) (outlining elements plaintiff must plead for a § 1985(3) claim to survive a motion to dismiss). Therefore, plaintiff fails to state a claim under either Title VII or § 1985, and defendant's motion to dismiss her complaint should be granted. The Clerk of Court is directed to send plaintiff the attached copy of the unreported Bailey decision.